# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN, | CASE NO. 1:08-cv-01764-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| LT. J. CAVAVNAUGH, et al., | (Doc. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

**Findings and Recommendations Following Screening of Complaint**

I.      **Screening Requirement**

Plaintiff Kareem Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 18, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

7  standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

8  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.    Plaintiff's Complaint**

12    Plaintiff is currently housed at California State Prison-Corcoran, where the events at issue

13  in this action allegedly occurred.  Plaintiff is seeking to impose liability on Lieutenant J. Cavanaugh

14  and Correctional Officer M. Garcia for violation of the First Amendment, the Due Process Clause

15  of the Fourteenth Amendment, 18 U.S.C. §§ 241 and 242, and California Penal Code § 147.[1]

16  Plaintiff is seeking damages and injunctive relief for the violation of his rights.

17    **A.    Retaliation Claim**

18    Plaintiff alleges that Defendants Cavanaugh and Garcia retaliated against him for filing

19  inmate appeals and complaining about their conduct.  Plaintiff alleges he suffered numerous adverse

20  actions against him, including the revocation of good time and work time credits.  (Doc. 1, Comp.,

21  ¶18.)

22    Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

23  the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

24  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

25  F.3d 802, 807 (9th Cir. 1995).  However, "a state prisoner's § 1983 action is barred (absent prior

26  invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the

27

28
_____
[1] Cavanaugh was misspelled as Cavavnaugh is the caption of the complaint.

2

1    prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that

2    action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v.

3    Dotson, 544 U.S. 74, 81-2 (2005).

4         Because the length of Plaintiff's sentence was affected by Defendants' actions and a finding

5    that they retaliated against him would invalidate the revocation of the credits, Plaintiff's section 1983

6    claim is barred until he is able to set aside the credit revocation, through either the prison's internal

7    proceedings or a petition for writ of habeas corpus.  The Court therefore recommends dismissal of

8    this claim, without prejudice.

9         **B.     Due Process Claim**

10        Plaintiff alleges he had a liberty interest in his position with the Men's Advisory Council

11   ("MAC"), and his suspension violated his right to due process.  The Due Process Clause protects

12   against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209,

13   221 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first

14   establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests

15   may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause itself

16   does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

17   Id.  Under state law, the existence of a liberty interest created by prison regulations is determined by

18   focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty

19   interests created by state law are "generally limited to freedom from restraint which . . . imposes

20   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

21   Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

22        Although Plaintiff may enjoy some rights under state law with respect to participation in

23   MAC, termination from MAC does not constitute atypical and significant hardship in relation to the

24   ordinary incident's of prison life, and cannot support a federal due process claim.  Plaintiff's claim

25   fails as a matter of law and the Court recommends dismissal with prejudice.

26        **C.     Violation of 18 U.S.C. §§ 241 and 242**

27        Plaintiff alleges Defendants conspired to retaliate against him, in violation of 18 U.S.C. §§

28   241 and 242.  There is no private right of action to sue Defendants civilly for violating sections 241

1   and 242, which are criminal code sections. <u>Allen v. Gold Country Casino</u>, 464 F.3d 1044, 1048 (9th

2   Cir. 2006) (citing <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980)).  Plaintiff's claim fails

3   as a matter of law and the Court recommends dismissal with prejudice.

4      **D.**  **<u>Violation of Penal Code § 147</u>**

5      Plaintiff alleges a claim for violation of California Penal Code § 147, a criminal statute which

6   addresses the inhumane or oppressive treatment of a prisoner by an officer.  A private right of action

7   under a criminal statute has rarely been implied. <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 316 (1979).

8   Where a private right of action has been implied, "'there was at least a statutory basis for interring

9   that a civil cause of action of some sort lay in favor of someone.'" <u>Chrysler Corp.</u>, 441 U.S. at 316

10  (quoting <u>Cort v. Ash</u>, 422 U.S. 66, 79 (1975)).  The Court has reviewed the penal statute in question

11  and there is no indication that civil enforcement of any kind is available to Plaintiff. <u>Cort</u>, 422 U.S.

12  at 79-80; <u>Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n</u>, 739 F.2d 1467, 1469-70

13  (9th Cir. 1984).  Accordingly, Plaintiff's claim for violation of section 147 fails as a matter of law

14  and the Court recommends dismissal with prejudice.

15  **III.**  **<u>Conclusion and Recommendation</u>**

16     Plaintiff's complaint fails to state any claims upon which relief may be granted.  Because the

17  deficiencies are not capable of being cured through amendment, <u>Noll v. Carlson</u>, 809 F.2d 1446,

18  1448-49 (9th Cir. 1987), the Court HEREBY RECOMMENDS dismissal of this action in its entirety

19  for failure to state any claims upon which relief may be granted as follows:

20      1.  Plaintiff's retaliation claim be dismissed, without prejudice;

21      2.  Plaintiff's due process claim arising from his termination from MAC be dismissed,

22        with prejudice;

23      3.  Plaintiff's claim for violation of 18 U.S.C. §§ 241 and 242 be dismissed, with

24        prejudice; and

25      4.  Plaintiff's claim for violation of California Penal Code § 147 be dismissed, with

26        prejudice.

27  ///

28  ///

1       These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3   **days** after being served with these Findings and Recommendations, Plaintiff may file written

4   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7   1153 (9th Cir. 1991).

8

9   IT IS SO ORDERED.

10  **Dated:    February 13, 2009**                        /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28