# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>LT. J. CAVAVNAUGH, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-01764-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 5)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Kareem Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 18, 2008. On November 20, 2008, Plaintiff filed a motion seeking an order prohibiting Defendants Kavanaugh and Garcia from attacking, harassing, or retaliating against him, or coming within thirty feet of him.[1]

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

---

[1] Court document number 5, filed November 20, 2008, consists of Plaintiff's declaration in support of his motion for a temporary restraining order and a proposed order. On December 22, 2008, Plaintiff filed a request for a ruling on his motion and complaint. Attached is a copy of Plaintiff's motion for a temporary restraining order. For reasons unclear, that motion is not part of the record for document 5, despite bearing a stamp that it was received by the Court on November 17, 2008. Therefore, in addressing Plaintiff's motion, the Court takes judicial notice of Exhibit A to court document 7, filed December 22, 2008.

1

a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id.</u>  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id.</u>  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id.</u>

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  "Abstract injury is not enough." <u>Lyons</u>, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." <u>Id.</u> (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to suffer future injury.'" <u>Jones</u>, 444 F.3d at 1126 (quoting <u>Lyons</u> at 105, 1667).  When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting <u>Rizzo v. Goode</u>, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," <u>Gomez</u>, 255 F.3d at 1128.  "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" <u>Id.</u> at 1128 (quoting <u>O'Shea v. Littleton</u>, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

1 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
2 the Federal right." 18 U.S.C. § 3626(a)(1)(A).
3     In a separate Findings and Recommendations, the Court screened Plaintiff's complaint, found
4 that it does not state any claims upon which relief may be granted, and recommended dismissal of
5 this action. Because Plaintiff's complaint does not state any cognizable claims, there is no actual
6 case or controversy before the Court. Therefore, the Court lacks jurisdiction to issue the orders
7 sought by Plaintiff and HEREBY RECOMMENDS that his motion be DENIED.
8     These Findings and Recommendations will be submitted to the United States District Judge
9 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
10 **days** after being served with these Findings and Recommendations, Plaintiff may file written
11 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
14 1153 (9th Cir. 1991).

16 IT IS SO ORDERED.
17 **Dated:   February 13, 2009**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE