# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN, | CASE NO. 1:08-cv–01764-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING |
| v. | DEFENDANTS' MOTION TO DISMISS |
| J. KAVANAUGH, et al., | (ECF Nos. 31, 35, 36) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Procedural History

Plaintiff Kareem Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following Plaintiff's appeal to the Ninth Circuit, this action is proceeding on the complaint, filed November 18, 2008, against Defendants Cavanaugh and Garcia for retaliation in violation of the First Amendment. Defendants filed a motion to dismiss for failure to exhaust administrative remedies on July 6, 2011. Plaintiff filed an opposition on August 22, 2011, and Defendants filed a reply on August 24, 2011.

## II. Failure to Exhaust

### A. Legal Standard

Defendant argues that Plaintiff failed to exhaust his claims in compliance with 42 U.S.C. § 1997e(a), subjecting the claims to dismissal. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a)

exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). At the time of the incidents alleged in the complaint, four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 85-86; McKinney, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has

been exhaustion while the suit is pending.  Lira, 427 F.3d at 1171.

**B.      Discussion**

Defendants allege that Plaintiff failed to exhaust administrative remedies prior to filing this action because he did not pursue his appeals against Defendant Kavanaugh after it was screened out and his appeal against Defendant Garcia was not final until two months after this action was filed.

Plaintiff responds that he did not need to exhaust his appeal as to Defendant Garcia because he filed a temporary restraining order with his complaint.  Plaintiff does not contest that he failed to exhaust his administrative remedies related to Defendant Kavanaugh.  Plaintiff alleges that he was not required to exhaust his administrative remedies related to Defendant Kavanaugh because the appeals were improperly screened out and therefore no administrative remedies were available.

Defendants reply that since Plaintiff admits that he failed to exhaust administrative remedies prior to filing this action the motion to dismiss should be granted and the action dismissed without prejudice.

Plaintiff is incorrect that he is not required to exhaust administrative remedies if he files a temporary restraining order with his complaint.  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner."  Booth, 532 U.S. at 741.  Congress did not intend "to give prisoners a strong inducement to skip the administrative process simply by limiting their prayers for relief."  Id.

Plaintiff cites two cases arguing that he was required to file a complaint in order to obtain a temporary restraining order, however that is not the issue before the Court.  The issue is whether Plaintiff can file an action to obtain a temporary restraining order without exhausting his administrative remedies, and he may not.  Booth, 532 U.S. at 741; see Burr v. Schwarzenegger, No. 2:10-cv-0120-GEB-GGH, 2011 WL 2038577, * 2 (E.D. Cal. May 24, 2011).

Plaintiff argues that the absence of administrative remedies supports his motion for a temporary restraining order.  On July 16, 2008, Plaintiff submitted inmate appeal no. 08-3841 in which he grieved that Defendant Garcia might retaliate against him because he complained that she

3

did not release him to attend a meeting. (Motion to Dismiss 32-34,[1] ECF No. 31.) Plaintiff requested that she be reprimanded, assigned to another prison, and compelled to undergo training on how to interact with inmates. Plaintiff's appeal was denied at the director's level on January 6, 2009. (Id. at 30-31.) To the extent that the Court construes Plaintiff's argument to be that no relief was available and, therefore, he no longer had to wait for a director's level decision, the argument fails. As long as the administrative process can provide some sort of relief on the complaint stated Plaintiff must complete the administrative remedy process. Booth, 532 U.S. at 741. Plaintiff was seeking additional training for, a transfer of, or a reprimand of Defendant Garcia. These remedies remained available through the administrative grievance process at the time this action was filed.

Plaintiff filed appeal no 08-4808 on November 23, 2008, grieving that Defendant Garcia was retaliating against him. (ECF No. 31 at 57-58.) This appeal was partially granted at the second level on January 26, 2009. (Id. at 59.) Plaintiff did not exhaust this appeal prior to filing this action.

The Court finds that Plaintiff did not exhaust his administrative remedies regarding Defendant Garcia until January 6, 2009, approximately two months after this action was filed. The PLRA requires the exhaustion of administrative remedies prior to initiating the action and exhaustion during the pendency of the action does not comply with the requirement. Lira, 427 F.3d at 1171. The Court will recommend that Defendant Garcia be dismissed from this action, without prejudice, for Plaintiff's failure to exhaust administrative remedies.

The parties agree that Plaintiff failed to exhaust his administrative remedies regarding his complaints about Defendant Kavanaugh, the issue is whether exhaustion is excused. Where circumstances render exhaustion of remedies unavailable exhaustion is not required. Sapp. 623 F.3d at 822; Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010). An exception exists where the inmate took reasonable and appropriate steps to exhaust his administrative remedies and was unable to exhaust through no fault of his own. Nunez, 591 F.3d at 1224.

Plaintiff filed an appeal on September 11, 2008 in which he grieved that he had submitted his grievance against Defendant Garcia and that Defendant Kavanough was partial in reviewing the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

4

appeal, acted unprofessionally by refusing to recognize Plaintiff's objection to him hearing the grievance. (ECF No. 31 at 49-41.) In the final paragraph of the appeal Plaintiff states that he anticipates that he may be retaliated against by Defendant Kavanaugh or his peers in retribution for filing this grievance.  Plaintiff requested an investigation regarding the dereliction of duties, misconduct, and unprofessionalism, and that Defendant Kavanaugh be reassigned to a position where he not have control and authority over inmate appeals.

Plaintiff argues that the appeal was erroneously screened out and therefore he was not required to further exhaust his administrative remedies.  Defendant argues that the appeal was appropriately screened out as Plaintiff was complaining about misconduct in reviewing his appeal and Plaintiff was informed that he could resubmit his appeal after he received the second level response and there is no record that Plaintiff ever resubmitted the appeal.

However the initial inquiry is whether this appeal was sufficient to exhaust Plaintiff's claim of retaliation.  In order to find that Plaintiff's appeals exhausted his administrative remedies the appeals must " provide enough information . . . to allow prison officials to take appropriate responsive measures." Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004)). The primary purpose of the grievance is to alert the prison to the problem and facilitate resolution. Griffin, 557 F.3d at 1120. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. Sapp, 623 F.3d at 823.

In this appeal Plaintiff was not complaining that he was being retaliated against by Defendant Kavanough, but that Defendant Kavanough was biased in conducting the hearing.  Since the substance of Plaintiff's complaint dealt with the bias of the officer and requested an investigation into Defendant Kavanaugh's conduct and reassignment, simply placing a few sentences at the end of the appeal anticipating that he may be subject to retaliation is not sufficient to provide adequate notice of a problem for which the prisoner seeks redress.  The appeal filed September 11, 2008, did not suffice to exhaust Plaintiff's administrative remedies regarding retaliation by Defendant Kavanaugh.

Plaintiff has provided Defendants with a copy of an appeal dated September 27, 2008, in which he grieved that Defendant Garcia prohibited him from returning to his housing unit after his

5

1  work shift was complete, Defendants Garcia and Kavanaugh conspired to retaliate against him by
2  removing him from his Men's Advisory Counsel ("MAC") position in retaliation for filing
3  grievances, Defendant Kavanaugh held a "kangaroo hearing, both Defendants acted unprofessionally,
4  and Defendant Kavanaugh exhibited unprofessionalism in failing to uphold the prison rules and
5  regulations. (Id. at 55-56.) Plaintiff requested that Defendants Kavanough and Garcia be instructed
6  not to retaliate against him and be removed from their positions.

7  On October 23, 2008, Plaintiff filed an appeal in which he grieved that Defendant Kavanough
8  suspended Plaintiff from his MAC position. (Id. at 53.) Plaintiff stated that this was a follow-up of
9  the appeal filed on September 23, 2008, requested that his MAC position be reinstated and that
10 Defendant Kavanough be ordered not to suspend any inmate from his MAC position without approval
11 of the MAC designee. On November 2, 2008, Plaintiff was informed that his appeal was partially
12 granted and his suspension from the MAC was ended. (Id. at 114.) Since the relief that Plaintiff was
13 seeking, that Defendant Kavanough be ordered not to suspend inmates from the MAC was still
14 available and Plaintiff failed to pursue his appeal beyond the first level, he did not exhaust
15 administrative remedies regarding the appeal filed October 23, 2008.

16 However, while Defendants provide a declaration from Clay Barnett stating that there is no
17 record of Plaintiff filing an appeal on September 27, 2008, the document was attached to the October
18 23, 2008 appeal. In that appeal Plaintiff alleges that the appeal was never processed because it was
19 discarded. There is no evidence before the Court that the September 27, 2008 appeal was ever
20 addressed by prison officials. In these circumstances, it appears that Plaintiff took reasonable and
21 appropriate steps to exhaust his administrative remedies and was unable to exhaust through no fault
22 of his own. Nunez, 591 F.3d at 1224. Since that appeal grieved retaliation by Defendants Kavanough
23 and Garcia, Defendants have not carried their burden of establishing failure to exhaust administrative
24 remedies and the motion to dismiss for failure to exhaust should be denied.

25 **III.     Conclusion and Recommendation**

26 Based on the foregoing, Defendants have failed to produce evidence that Plaintiff's inmate
27 appeal, dated September 27, 2008, was addressed by prison officials. Accordingly, Defendants have
28 failed to meet their burden to show that Plaintiff's failure to exhaust his inmate appeal, dated

September 27, 2008, was not excused.

The Court HEREBY RECOMMENDS that Defendants' motion to dismiss based on Plaintiff's failure to exhaust administrative remedies, filed July 6, 2011, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 15, 2011**             /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE