# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN, | CASE NO. 1:08-cv–01764-LJO-BAM PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| J. KAVANAUGH, et al., | |
| Defendants. | (ECF Nos. 43, 47, 48, 50, 51) |

Plaintiff Kareem Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2012, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and the parties were to file Objections to the Findings and Recommendations within thirty days. On October 24, 2012, Plaintiff filed an Objection.

In Plaintiff's Objection to the Findings and Recommendations, Plaintiff argues that he is serving two life sentences and, therefore, his retaliation claims based upon the rule violations are not barred by the favorable termination rule. Plaintiff failed to raise this issue in his twenty five page Opposition to Defendants' Motion for Summary Judgment.

A new theory cannot properly be raised in objections to Findings and Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992). Factual assertions that which could have been but were not presented to the Magistrate Judge should be given no consideration when

the court is deciding whether to adopt Findings and Recommendations. Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.

Plaintiff had the opportunity and did not previously present any evidence or argument regarding the sentence he was serving or that it would affect the issue of the loss of time credits. The Court declines to exercise its discretion to consider Plaintiff's arguments asserted for the first time in the Objection to the Findings and Recommendations. Espinosa -Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005); United States v. Howell, 231 F.3d 615, 621-622 (9th Cir. 2000).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 21, 2012, is adopted in full;
2. Defendants' motion for summary judgment, filed March 15, 2012, is GRANTED IN PART AND DENIED IN PART as follows:
    a. Defendant Garcia's motion for summary judgment for reporting that Plaintiff forced open the housing unit door on August 26, 2008, is DENIED;
    b. Defendant Garcia's motion for summary judgment for refusing Plaintiff access to the housing unit on October 14, 2008, is GRANTED;
    c. Defendant Kavanaugh's motion for summary judgment for suspending Plaintiff from the MAC on August 26, 2008, is DENIED;
    d. Defendant Kavanaugh's motion for summary judgement for disposing of Plaintiff's burrito on November 9, 2008, is GRANTED;
    e. Defendant Kavanaugh's motion for summary judgment for suspending Plaintiff from the MAC on November 9, 2008, is GRANTED; and
    f. Defendants Kavanaugh and Garcia's motion for summary judgment on the

grounds of qualified immunity is DENIED.

3. This action shall proceed against Defendant Garcia for retaliation by reporting that Plaintiff forced open the housing unit door and Defendant Kavanaugh for retaliation by suspending Plaintiff from the MAC on August 26, 2008, in violation of the First Amendment.

4. This action is referred back to the Magistrate Judge.

IT IS SO ORDERED.

Dated:   October 26, 2012                      /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE