# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J. KAVANAUGH, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-01764-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE DEFENDANTS FROM THE COURTROOM WHILE THE OTHER IS TESTIFYING (ECF No. 60)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HIS PRIOR CONVICTIONS (ECF No. 61)<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO APPEAR DURING TRIAL FREE OF RESTRAINTS AND GRANTING PLAINTIFF'S MOTION IN LIMINE TO APPEAR DURING TRIAL IN PERSONAL CLOTHING (ECF No. 62)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HIS PRISON DISCIPLINARY HISTORY (ECF No. 63) |

**I.　Introduction**

　　This action is proceeding on Plaintiff's complaint against Defendant Garcia for reporting that Plaintiff forced open the housing unit door on August 26, 2008, as retaliation in violation of the First Amendment; and against Defendant Kavanaugh for suspending Plaintiff from the Men's Advisory Council ("MAC") on August 26, 2008, as retaliation in violation of the First Amendment. The matter is set for jury trial before the undersigned on April 30, 2013.

On February 27, 2013, Plaintiff filed motions in limine. (ECF Nos. 60, 61, 62 and 63.) On March 15, 2013, the Court held a telephonic trial confirmation hearing and issued oral rulings on Plaintiff's motions in limine. This order follows the Court's hearing.

**II.      Allegations Proceeding in this Action**

The events at issue occurred while Plaintiff was housed at Corcoran State Prison. Plaintiff alleges that on July 1, 2008, Defendant Garcia refused to release him to attend a MAC meeting. On July 7 or 8, 2008, Officer Beam indicated to Plaintiff that Defendant Garcia had phoned and informed him that Plaintiff "had ratted on her."

On July 14, 2008, Defendant Garcia requested that Plaintiff come to see her in the control booth. Defendant Garcia asked Plaintiff if he had told other MAC members that she would not let him out to attend the MAC meeting. When he answered yes, Defendant Garcia began asking Plaintiff, in front of other inmates, why he had ratted on her. That same evening, Plaintiff approached Defendant Kavanaugh to let him know that he was planning to file an inmate appeal regarding Defendant Garcia's behavior.

On August 26, 2008, Defendant Garcia allegedly fabricated a rules violation report against Plaintiff for disobeying a direct order after returning from his work assignment.

On August 26, 2008, Defendant Kavanaugh told Plaintiff that Defendant Garcia had informed him Plaintiff had forced the housing unit door open, which was a breach of security. Plaintiff responded that Defendant Garcia was retaliating against him. Defendant Kavanaugh told Plaintiff that he did not believe Defendant Garcia had called Plaintiff a rat. Defendant Kavanaugh suspended Plaintiff from the MAC for forcing the housing unit door open. The following day, Plaintiff filed an inmate appeal against Defendant Kavanaugh. The appeal was discarded.

On August 29, 2008, Plaintiff was interviewed by Defendant Kavanaugh regarding the inmate appeal against Defendant Garcia. Plaintiff alleges that Defendant Kavanaugh's previous statement that he did not believe Defendant Garcia called him a rat exhibited bias. Plaintiff objected to Defendant Kavanaugh hearing the inmate appeal, but his objection was not documented. Plaintiff was found guilty of a rule violation.

///

### III. Motions in Limine

#### A. Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

#### B. Plaintiff's Motion in Limine to Exclude the Defendants from the Courtroom While the Other is Testifying

Plaintiff requests that one defendant be excluded from the courtroom when the other defendant is testifying under oath. Plaintiff argues that allowing one defendant to hear the testimony of a co-defendant would be prejudicial to Plaintiff's case. (ECF No. 60)

Fed. R. Evid. 615(b) requires the Court, at a party's request, to order witnesses excluded so that they cannot hear other witnesses' testimony. However, this rule does not authorize excluding a party from hearing another witness' testimony. Fed. R. Evid. 615(b). Plaintiff's request to exclude one defendant from the courtroom while the other defendant testifies under oath is DENIED.

#### C. Plaintiff's Motion in Limine to Exclude Evidence of His Prior Convictions

Plaintiff requests that the Court exclude any evidence of his prior felony convictions at trial. Plaintiff argues that his felony convictions are not relevant to his claims of retaliation in this action. Plaintiff further argues that even if his felony convictions are relevant and admissible under Fed. R.

Evid. 609(a)(1), they should be excluded because their probative value is substantially outweighed by the danger of unfair prejudice and the needless presentation of evidence. (ECF No. 61.)

Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Evidence demonstrating a witness has been convicted of a felony is admissible to attack a witness' character for truthfulness. Fed. R. Evid. 609(a)(1). As stated at the telephonic trial confirmation hearing, defense counsel may ask Plaintiff if he has been convicted of a felony, but may not elicit testimony regarding the nature of any such felony conviction.

### D. Motion in Limine to Appear During Trial Free of Restraints and In Personal Clothing

Plaintiff requests that he be allowed to appear at trial free of restraints and in personal clothing. Plaintiff argues that he will suffer unfair prejudice and his right to a fair trial will be compromised if jurors observe him in restraints and prison clothing. (ECF No. 62.)

<u>Restraints</u>

When a civil action involves an inmate, the court should be wary of requiring the inmate to appear in restraints. <u>See</u> <u>Tyars v. Finner</u>, 709 F.2d 1274, 1284-85 (9th Cir. 1983); <u>Ellis v. Navarro</u>, No. 4:07-cv-05126 SBA, 2012 WL 3580284, at *5 (N.D.Cal. Aug. 17, 2012). While a trial court has the discretion to order that an inmate appear in shackles, the decision is guided by a two part test. <u>Morgan v. Bunnell</u>, 24 F.3d 49, 51 (9th Cir. 1994); <u>Ellis</u>, 2012 WL 3580284, at *5. "First the court must be persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom. Second, the court must pursue less restrictive alternatives before imposing physical restraints." <u>Morgan</u>, 24 F.3d at 51 (internal punctuation and citations omitted). Shackling an inmate is proper where a serious threat of escape or danger to those in and around the courtroom exists. <u>Wilson v. McCarthy</u>, 770 F.2d 1482, 1485 (9th Cir. 1985). "The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures." <u>Morgan</u>, 24 F.3d at 51.

The parties represented to the Court that Plaintiff has been convicted of both murder and assault. Based on Plaintiff's convictions, Plaintiff does pose a risk of danger to those in the courtroom during the trial of this matter and there are compelling circumstances to show that some

4

measure of restraint is needed to maintain the security of the courtroom.  As discussed at the telephonic trial confirmation hearing, it is the standard practice of this Court that any civil trial plaintiff who has been convicted of a felony will remain shackled at the ankles to the floor.  The shackles will not be in sight of the potential jury during voir dire or the jury once it is selected as the counsel tables are skirted.  Plaintiff will testify from the counsel table in order for him to have his exhibits, notes, and other documents within easy reach during his testimony.  Plaintiff's motion in limine to appear at trial without restraints is DENIED.

<u>Personal Clothing</u>

Plaintiff's request to appear at trial in his personal clothing is GRANTED.  As stated at the telephonic trial confirmation hearing, Plaintiff is required to supply his own clothes, which may be mailed directly to the Court.  However, the Court will not continue this matter based on Plaintiff's failure to either send or bring his personal clothing for trial.

**E.    Plaintiff's Motion in Limine to Exclude Evidence of Prison Disciplinary History**

Plaintiff requests that the Court exclude any and all disciplinary infractions, with the exception of the two infractions that are a part of this action.  Plaintiff argues that evidence of his disciplinary history should be excluded as impermissible character evidence. Fed. R. Evid. 404(b).

At the telephonic trial confirmation hearing, Defendants indicated that they only intend to offer evidence of the disciplinary infractions at issue in this action.  Based on Defendants' representation, Plaintiff's motion in limine to exclude evidence of his prison disciplinary history, with the exception of those specific disciplinary infractions at issue in this case, is GRANTED.

**IV.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion in limine to exclude one defendant from the courtroom while the other defendant testifies under oath is DENIED;

2. Plaintiff's motion in limine to exclude evidence of his prior convictions is GRANTED IN PART and DENIED IN PART. Defendants may ask Plaintiff if he has been convicted of a felony, but may not elicit testimony regarding the nature of any felony conviction;

5

1    3.   Plaintiff's motion in limine to appear at trial without restraints is DENIED. Plaintiff shall be shackled at the ankles during the trial of this matter;

2    4.   Plaintiff's motion in limine to appear at trial in his personal clothing is GRANTED; and

3    5.   Plaintiff's motion in limine to exclude evidence of his prison disciplinary history, with the exception of those specific disciplinary infractions at issue in this case, is GRANTED.

IT IS SO ORDERED.

Dated:   **March 15, 2013**           /s/  Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE