# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN, | ) Case No.: 1:08-cv-01764-LJO-BAM PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE REOPENING OF JUDGMENT |
| v. | ) |
| J. KAVANAUGH, et al., | ) (ECF No. 74) |
| Defendants. | ) |

Plaintiff Kareem Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendant Garcia for reporting that Plaintiff forced open the housing unit door on August 26, 2008, as retaliation in violation of the First Amendment; and against Defendant Kavanaugh for suspending Plaintiff from the Men's Advisory Council ("MAC") on August 26, 2008, as retaliation in violation of the First Amendment. The matter is set for jury trial on May 2, 2013.

Currently pending is Plaintiff's motion requesting the reopening of judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), which was filed on April 4, 2013. (ECF No. 74.) Defendants Garcia and Kavanaugh filed an opposition to the motion on April 11, 2013. (ECF No. 80.) For the reasons set forth more fully below, Plaintiff's motion requesting the reopening of judgment is DENIED.

///

## I. Procedural Background

Following remand by the Ninth Circuit Court of Appeals, this action proceeded on Plaintiff's complaint, filed November 18, 2008, against Defendants Garcia and Kavanaugh for retaliation in violation of the First Amendment.

Defendants filed a motion for summary judgment on March 15, 2012, and Plaintiff opposed the motion. After briefing was concluded, the magistrate judge issued findings and recommendations, which recommended that Defendants' motion for summary judgment be granted in part and denied in part. Specifically, the magistrate judge recommended as follows:

1. Defendant Garcia's motion for summary judgment for reporting that Plaintiff forced open the housing unit door on August 26, 2008, be DENIED;
2. Defendant Garcia's motion for summary judgment for refusing Plaintiff access to the housing unit on October 14, 2008, be GRANTED;
3. Defendant Kavanaugh's motion for summary judgment for suspending Plaintiff from the MAC on August 26, 2008, be DENIED;
4. Defendant Kavanaugh's motion for summary judgement for disposing of Plaintiff's burrito on November 9, 2008, be GRANTED;
5. Defendant Kavanaugh's motion for summary judgment for suspending Plaintiff from the MAC on November 9, 2008, be GRANTED; and
6. Defendants Kavanaugh and Garcia's motion for summary judgment on the grounds of qualified immunity be denied.

(ECF No. 50, p. 24.) On October 24, 2012, Plaintiff filed objections to the magistrate judge's findings and recommendations. (ECF No. 51.) On October 26, 2012, following consideration of Plaintiff's objections, the undersigned adopted the magistrate judge's findings and recommendations in full, and the action proceeded against Defendant Garcia for retaliation by reporting that Plaintiff forced open the housing unit door and Defendant Kavanaugh for retaliation by suspending Plaintiff from the Men's Advisory Council on August 26, 2008, in violation of the First Amendment. (ECF No. 52.)

On October 30, 2012, the Court issued a Second Scheduling Order, which set the date for a Telephonic Trial Confirmation Hearing on March 14, 2013, and the date for a jury trial on April 30, 2013. (ECF No. 53.)

On February 4, 2013, after three months without any activity in this case, Plaintiff requested an extension of time to file his pretrial statement. (ECF No. 54.) Defendants did not oppose the

extension, and the Court granted Plaintiff until February 22, 2013 to file his pretrial statement. (ECF No. 56.)

On February 27, 2013, Plaintiff filed his pretrial statement, a trial brief, a list of trial exhibits, four separate motions in limine, a notice of attempted settlement, a motion for court appointed counsel and a motion to reserve the right to file objections at trial. (ECF Nos. 57-66.) Defendants filed their pretrial statement on March 8, 2013. (ECF No. 67.)

On March 15, 2013, the Court held a pretrial conference and confirmed the matter for trial. (ECF No. 69.) Thereafter, on March 18, 2013, the Court issued a written pretrial order. (ECF No. 72.) The Court also issued an order on Plaintiff's pending motions in limine. (ECF No. 71.) Due to the Court's availability, the jury trial was continued from April 30, 2013, to May 2, 2013. (ECF No. 73.)

On April 4, 2013, Plaintiff filed the instant motion requesting the reopening of judgment. Plaintiff contends that the Court erred in granting partial summary judgment in favor of Defendants. Specifically, he challenges the Court's application of the "favorable termination rule" of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), to the August 26, 2008, and November 9, 2008 rules violations.

Defendants opposed the motion to reopen judgment on April 11, 2013. Defendants counter that Plaintiff may not challenge the order granting partial summary judgment pursuant to Federal Rule of Civil Procedure 60 because it is not a "final order." Defendants also contend that Plaintiff has failed to present any newly discovery evidence or intervening change in the law to support reconsideration.

**II.     Discussion**

Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b). By its terms, Rule 60(b) applies only to a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); see School Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir.1958); see also United States v. Martin, 226 F.3d 1042, 1048 n. 8 (9th Cir.2000) (Rule 60(b) applies only to motions attacking "final, appealable orders"). An order partially granting summary judgment is not a final order. Dannenberg v. Software Toolworks

Inc., 16 F.3d 1073, 1074 (9th Cir. 1994) (grants of partial summary judgment are not final, appealable orders).  Thus, Rule 60(b) provides no basis to reopen the partial summary judgment.

Insofar as Plaintiff merely seeks reconsideration of the Court's partial grant of summary judgment, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 230(j)(3), (4).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not presented the Court with new or different facts or circumstances that did not exist or were not shown in connection with Defendants' motion for summary judgment.  Instead, Plaintiff is making an additional attempt to argue that Heck v. Humphrey does not apply.  (ECF No. 74, p. 6.)  Plaintiff previously asserted this argument in his opposition to Defendants' motion for summary judgment.  (ECF No. 47, p. 5.)  Plaintiff also argued in his objections to the magistrate judge's findings and recommendation that he was serving two life sentences and, therefore, his retaliation claims based upon the rule violations were not barred by the favorable termination rule.  (ECF No. 51, pp. 3-4.)  However, the Court declined to consider that portion of Plaintiff's evidence and argument raised for the first time in his objections.  Plaintiff attempts to raise the same arguments in his motion for reconsideration.  (ECF No. 74, p. 6.)

Plaintiff has failed to establish that reconsideration of the dismissed claims is warranted in this action.  Plaintiff could have submitted all of his arguments and assertions regarding the application of Heck v. Humphrey in his opposition to Defendants' motion for summary judgment.  Plaintiff does not provide the Court with any reason to suggest otherwise.  He also does not explain why he waited until the month originally scheduled for trial to challenge the Court's ruling.

**III.     Conclusion**

For the reasons stated, Plaintiff's motion requesting the reopening of judgment is DENIED.

IT IS SO ORDERED.

Dated:   **April 25, 2013**                                  **/s/ Lawrence J. O'Neill**
                                                                       UNITED STATES DISTRICT JUDGE