UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. KAVANAUGH, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-01764-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO ANY SOURCE OF POSSIBLE JUDGMENT (ECF No. 75)<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE WITNEESES NOT PREVIOUSLY DISCLOSED (ECF No. 76)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATING TO DISMISSED CLAIMS AND DAMAGES RELATED THERETO  (ECF No. 77)<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PLAINTIFF'S EXHIBIT DECLARATIONS (ECF No. 78) |

**I.     Introduction**

　　Plaintiff Kareem Brown is a state prisoner currently housed at Centinela State Prison.  The events at issue occurred while Plaintiff was housed at Corcoran State Prison in 2008.  This action proceeds on Plaintiff's complaint against Defendant Garcia for reporting that Plaintiff forced open the

housing unit door on August 26, 2008, as retaliation in violation of the First Amendment; and against Defendant Kavanaugh for suspending Plaintiff from the Men's Advisory Council ("MAC") on August 26, 2008, as retaliation in violation of the First Amendment. The matter is set for jury trial before the undersigned on May 2, 2013.

On April 8, 2013, Defendants filed motions in limine. (ECF Nos. 75, 76, 77, and 78.) Plaintiff did not file timely oppositions to the motions.

## II.     Motions in Limine

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

## III.     Defendants' Motion in Limine No. 1 to Exclude Reference to Any Source of Possible Judgment

Defendants move the Court for an order precluding Plaintiff from referencing, alluding to or otherwise mentioning to the jury through testimony or other means that the State of California or the California Department of Corrections and Rehabilitation ("CDCR") would be liable for paying any judgment for damages that Plaintiff may be awarded. Defendants contend that such information is not relevant and would be highly prejudicial pursuant to Federal Rules of Evidence 402 and 403.

Defendants also contend that such evidence is tantamount to evidence of insurance, which is improper pursuant to Federal Rule of Evidence 801.

Information regarding whether the State or CDCR would pay a verdict or reimburse Defendants for any compensatory damage award, if any, is not relevant to Plaintiff's claim of retaliation.  Fed. R. Evid. 401.  Defendants' motion in limine no. 1 to preclude such information is GRANTED.

**IV.       Defendants' Motion in Limine No. 2 to Exclude Witnesses Not Previously Disclosed**

Defendants seek an order limiting Plaintiff to only those witnesses that he disclosed in discovery.  The pretrial order limits Plaintiff's witnesses to the following persons:  (1) Plaintiff; (2) Defendant Garcia; and (3) Defendant Kavanaugh.  The order provides that no other witnesses may be called at trial unless the parties stipulate or upon a showing that the pretrial order should be modified to prevent "manifest injustice."  Fed. R. Civ. P. 16(e); ECF No. 72, pp. 9-10.  The pretrial order also expressly states that "Plaintiff may not call any incarcerated witnesses to testify at trial."  ECF No. 72, p. 14.  Accordingly, Defendants' motion in limine no. 2 to limit Plaintiff's witnesses is unnecessary and is DENIED AS MOOT.

**V.        Defendants' Motion in Limine No. 3 to Exclude Evidence Relating to Dismissed Claims and Damages Related Thereto**

Defendants seek an order precluding Plaintiff from referring to, commenting on or questioning any witness or in any way conveying to the jury information about dismissed parties, dismissed claims or damages related to those dismissed parties or claims.  In particular, Defendants are concerned that Plaintiff will attempt to revive claims that were dismissed by summary judgment.  These claims are identified as follows:  (1) Plaintiff's claims regarding Defendant Garcia allegedly refusing Plaintiff access to the housing unit on October 14, 2008; (2) Plaintiff's claims regarding Defendant Kavanaugh allegedly disposing of Plaintiff's burrito on November 9, 2008; and (3) Plaintiff's claims regarding his November 9, 2008 suspension from the Men's Advisory Council by Defendant Kavanaugh.

Defendants contend that any complaints, grievances or appeals related to these dismissed claims should not be admitted into evidence because they are irrelevant and confusing.  Fed. R. Evid.

3

1  401.  Defendants also argue that evidence of such claims is unduly prejudicial, highly likely to
2  consume unnecessary time and confusing to the jury.  Fed. R. Evid. 403.
3        Defendants seek a specific instruction that Plaintiff is limited to his claims of alleged
4  retaliation in connection with the events of August 26, 2008, the malfunctioning front door of Housing
5  Unit 4 and Plaintiff's suspension from the Men's Advisory Council related directly to the door
6  incident.  Defendants also request that Plaintiff be precluded from entering into evidence any
7  documents or testimony concerning other appeals or grievances that he has filed.  As this is a
8  retaliation claim, however, there must be some evidence proffered that Plaintiff submitted other
9  appeals or grievances prior to the events of August 26, 2008.
10        Defendants' motion in limine no. 3 is GRANTED IN PART and DENIED IN PART.  Matters
11  pled and dismissed in this case are not relevant to Plaintiff's remaining claims.  Fed. R. Evid. 401.
12  However, as this is a retaliation action, Plaintiff must be permitted to explain for what the defendants
13  were retaliating against.  Accordingly, evidence of dismissed claims will be limited for that purpose,
14  but otherwise not allowed as irrelevant.

15  **VI.**     **Defendants' Motion in Limine No. 4 to Exclude Plaintiff's Exhibit Declarations**
16  Plaintiff has listed the declarations of Matthew Powell, Robert Smith III and Nakia McClain as
17  exhibits he expects to offer at trial.  Plaintiff also identified the declarations of Defendants Garcia and
18  Kavanaugh.
19  With regard to Powell, Smith and McClain, Plaintiff did not file any motions for the attendance of
20  incarcerated witnesses and these persons are not listed as witnesses.  Defendants contend that their
21  declarations are hearsay as they will be offered to prove that Defendants retaliated against Plaintiff.
22  Fed. R. Evid. 801.  Defendants argue that such declarations are inadmissible pursuant to Fed. R. Evid.
23  802.  With regard to the declarations of Defendants Kavanaugh and Garcia, Defendants assert that
24  they will be called to testify at trial and it would be improper to use their declarations in lieu of live
25  testimony.
26        The declarations of Powell, Smith, McClain, Kavanaugh and Garcia are inadmissible hearsay.
27  Fed. R. Evid. 802.  Plaintiff has not opposed the motion and has not identified any applicable
28

4

exceptions to the rule against hearsay. Accordingly, Defendants' motion in limine no. 4 is GRANTED.

VII. **Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion in limine no. 1 to exclude reference to any source of possible judgment is GRANTED;
2. Defendants' motion in limine no. 2 to exclude witnesses not previously disclosed is DENIED AS MOOT;
3. Defendants' motion in limine no. 3 to exclude evidence relating to dismissed claims and damages related thereto is GRANTED IN PART and DENIED IN PART; and
4. Defendants' motion in limine no. 4 to exclude Plaintiff's exhibit declarations is GRANTED.

IT IS SO ORDERED.

Dated:   **April 29, 2013**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

5